**In re PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE, Debtor.**

**Bankruptcy No. 88–43.**

United States Bankruptcy Court, D. New Hampshire.

June 14, 1989.

Richard Levin, D. Pierre G. Cameron, Jr., Martin L. Gross, Concord, N.H., Benjamin

E. Marcus, Pownal, Me., for Public Service Co.

Paul L. Gioia, Examiner.

Virginia A. Greiman, Wellesley Hills, Mass., U.S. trustee.

Geoffrey B. Kalmus, J. Michael Deasy, for the Unsecured Creditors Committee.

Richard Tilton, Howard J. Berman, for the Equity Committee.

Larry M. Smukler, Concord, N.H., Sr. Asst. Atty. Gen., Mark W. Vaughn, for the State of N.H.

George J. Wade, New York City, Barbara J. Gould, New York City, for Citicorp and Consolidated Utilities & Communications, Inc. (CUC).

George A. Hahn, New York City, for the Examiner.

Christopher T. Katucki, for United Illuminating, New England Power, EUA Power Corp., Canal Elec. Co., Connecticut Light & Power Co., and Montaup Elec. Co.

Peter V. Doyle, for First Fidelity Bank and Amoskeag Bank.

Richard H. Johnson, for NEES.

Anne M. Pare, Augusta, Me., for Central Maine Power Co.

Matthew Dallas Gordon, for Northeast Utilities Service Co.

John F. Pritchard, New York City, for First Fidelity.

## MEMORANDUM OPINION ON FOURTH INTERIM FEE AND EXPENSE APPLICATIONS

JAMES E. YACOS, Bankruptcy Judge.

This case involves the reorganization of a regulated public electric utility company in which there are pending various interim fee and expense reimbursement applications filed and noticed pursuant to a procedural order entered herein on May 11, 1988. The present applications cover the period from January 1, 1989 through March 31, 1989. The applications and amounts involved were set forth in a Notice of Hearing and attached Summary which was mailed to creditors and other parties in interest in

accordance with the aforesaid procedural order. [See Annex "A" to this opinion].

The legal and factual context and background concerning this complex reorganization proceeding was set forth in this court's Memorandum Opinion entered November 10, 1988, concerning the first round of interim fee and expense applications, and will not be repeated here. See *In re PSNH*, 93 B.R. 823 (Bankr.D.N.H.1988). The court also set forth in the aforesaid Memorandum Opinion its conclusions as to appropriate standards and procedures with regard to interim fee allowances in chapter 11 proceedings. *Id.* at 834–35.

As indicated in the Notice and Summary mailed to the parties in interest prior to the hearing on May 26, 1989, the total billings requesting reimbursement during the period covered by the pending applications is $2,770,769.75. This total figure is comprised of $2,443,771.93 in professional fees requested, and $326,997.82 in reimbursable expenses claimed.

With regard to applications by those attorneys involved in activities most directly related to the special chapter 11 reorganization aspects of this case, the pending applications indicate the following:

| Entity Represented | Legal Fees Requested | Services/Total Hours | Overall Hourly Rate |
|---|---|---|---|
| Debtor In Possession (General Counsel) | $604,653.50 | 2,196.10 | $275.00 |
| Debtor In Possession (Local Counsel) | $185,691.87 | 1,329.07 | $140.00 |
| Debtor In Possession (Special Litigation Counsel) | $151,006.70 | 703.90 | $215.00 |
| Debtor In Possession (N.H. Yankee & Misc.) | $454,861.82 | 2,512.25 | $180.00 |
| Unsecured Creditors Committee (General Counsel) | $429,881.20 | 2,045.64 | $210.00 |
| Unsecured Creditors Committee (Local Counsel) | $ 41,718.60 | 283.80 | $147.00 |
| Equity Holders Committee (General Counsel) | $271,750.50 | 1,210.00 | $225.00 |

The other fee applications are for various special counsel appointed to represent the debtor in possession with regard to its manifold activities before various regulatory agencies, courts and other more or less normal legal operational matters. It is represented to the court that the debtor's general counsel screens such applications as a routine matter and did not find any of these requests excessive or out of the normal pattern of activity by such "outside counsel" in his experience in reviewing such fee billings prior to bankruptcy.

The court finds and concludes that the pending applications, with four exceptions as indicated below, can and should be allowed in full in accordance with the "payment on account" rationale expressed in the memorandum opinion of November 10, 1988, and a separate order to that effect shall be entered.

With regard to the following key reorganization counsel, i.e., lead counsel for the debtor in possession, special litigation counsel for the debtor in possession, lead counsel for the creditors committee, and counsel for the equity committee, the court finds and concludes after a review of the history of the case and the present applications that the court can no longer safely continue 100 percent interim allowances against billings to said counsel on the "payment on account" approach.

According to their interim applications these key reorganization counsel have indeed expended great amounts of time in the performance of their services. Lead counsel for the debtor in reorganization, Stutman, Treister & Glatt, have averaged 2100 hours per quarter, and the present application indicates 2196.10 hours; special

litigation counsel for the debtor in reorganization, Cahill Gordon & Reindel, have averaged 800 hours per quarter, and the present application indicates 703.90 hours; lead counsel for the creditors committee, Kramer, Levin, Nessen, Kamin & Frankel, have averaged 1900 hours per quarter, and the present application indicates 2045.64 hours. Counsel to the equity committee have averaged 1150 hours, and the present application indicates 1210 hours.

While the amount of time expended has been substantial with regard to these key reorganization counsel, the results in moving toward a plan of reorganization, from the commencement of this case on January 28, 1988 through the present interim quarterly period ending March 31, 1989 have been disappointing in terms of substantial progress toward confirmation of a plan and conclusion of these reorganization proceedings. See generally, *In re PSNH*, 99 B.R. 155 (Bankr.D.N.H., 1989).

█ Reorganization counsel are not required to guarantee the success of a reorganization effort. However, professionals charging substantial fees for their expertise in producing results in reorganization cases are expected to show that that expertise has been appropriately employed, in the particular case, to justify a final determination that their high hourly fees are in fact reasonable fees in all the circumstances of the case. In the present case, these key reorganization counsel have previously been allowed 100 percent of their billings, and if they were to be allowed 100 percent of their fee billings for the present interim period ending March 31, 1989, they would receive a total payment of interim fees in the following amounts for the period January 28, 1988 through March 31, 1989:

| Firm | Total Fees |
|---|---|
| Stutman, Treister & Glatt (General Counsel to Debtor In Possession) | $2,363,072.00 |
| Cahill Gordon & Reindel (Special Litigation Counsel to Debtor in Possession) | $ 816,897.05 |
| Kramer, Levin, Nessen, Kamin & Frankel (General Counsel to Unsecured Creditors Committee) | ·$1,838,978.50 |
| Whitman & Ransom (General Counsel to Equity Committee) | $ 998,857.50 |

In my judgment these fee levels have now reached a stage at which this court can no longer find it justifiable, in view of the present status and progress of the case, in continuing to authorize 100 percent reimbursement against billings to key reorganization counsel. I also take notice that the custom and practice in most major chapter 11 cases has been to allow interim compensation roughly at 75 percent of billings pending final fee awards. Accordingly, the order to be entered pursuant to this memorandum opinion shall allow said key reorganization counsel as interim compensation the 75 percent payable against billings under the standing order on interim compensation, but shall not allow any additional interim compensation for the quarter ending March 31, 1989. The reimbursement of expenses requested by said counsel will be allowed in full.

It was suggested during the course of the hearing that not all of the legal services provided by key reorganization counsel are chapter 11 services as such and perhaps a different approach similar to that regarding other professionals should be implemented as to such services. See *Transcript*, pp. 18–20, 21–23. The present applications do not lend themselves easily to a breakout of such "non-bankruptcy" legal services, but the parties and the United States Trustee may suggest appropriate changes in the requirements for future interim applications as they may be advised. The United States Trustee might also consider suggesting those categories of legal services that are primarily chapter 11 services and thus particularly susceptible to the need for reevaluation at the conclusion of the case.

### ANNEX A

NOTICE OF HEARING ON APPLICATIONS FOR INTERIM FEE AND EXPENSE REIMBURSEMENT FOR SERVICES RENDERED FROM JANUARY 1, 1989 THROUGH MARCH 31, 1989

PLEASE TAKE NOTICE that Public Service Company of New Hampshire

("Public Service") has filed the attached SUMMARY—APPLICATIONS FOR INTERIM FEE AND EXPENSE REIMBURSEMENT—PERIOD ENDED MARCH 31, 1989, pursuant to the "First Amended Order Establishing Interim Fee and Expense Reimbursement Application Procedure" dated September 23, 1988. Applications for Interim Fee and Expense Reimbursement will be heard on Friday, May 26, 1989, at 9:30 a.m. or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable James E. Yacos, United States Bankruptcy Judge, 275 Chestnut Street, 7th Floor, Manchester, New Hampshire 03101, in accordance with the Court's "First Amended Order Establishing Interim Fee and Expense Reimbursement Application Procedure" dated September 23, 1988.

Under this Court's "First Amended Order Establishing Interim Fee and Expense Reimbursement Application Procedure" and the "Scheduling Order Regarding Interim Fee and Expense Reimbursement Applications" entered April 17, 1989, any response to such Applications must be filed with the Court and served on Public Service and upon the Short List (a current copy of which can be obtained from the Clerk of the Bankruptcy Court) not later than May 17, 1989. Any response filed must state which itemized entries should be disallowed or reduced and the reasons therefor.

Dated: May 4 1989
    (s) [Signature] for
    Don Willenburg, a Member of
    STUTMAN, TREISTER & GLATT
    Professional Corporation
    One International Place, Suite 4200
    Boston, Massachusetts 02110
    Telephone: (617) 951-7599
    Attorneys for Public Service
    Company of New Hampshire
    Of Counsel:
    SULLOWAY, HOLLIS & SODEN
    9 Capitol Street
    Concord, New Hampshire 03301
    Telephone: (603) 224-2341

## SUMMARY—APPLICATIONS FOR INTERIM FEE AND EXPENSE REIMBURSEMENT—PROFESSIONALS AND COMMITTEES
### PERIOD ENDED MARCH 31, 1989

| DEBTOR IN POSSESSION | Hours Expended | Fees Billed For Quarter | Monthly Payments On Fees Billed For Quarter | Expenses Billed and Paid For Quarter | Unpaid Balance of Fees Requested | Total Fees and Expenses Requested for This Quarter |
|---|---|---|---|---|---|---|
| Stutman, Treister & Glatt | 2,196.10 | $ 604,653.50 | $ 453,490.13 | $ 33,021.20 | $151,163.37 | $ 637,674.70 |
| Sulloway Hollis & Soden (2) | | | | | | |
| PSNH | 1,288.95 | 179,723.50 | 154,317.38 | 5,820.36 | 25,406.12 | 185,543.86 |
| N.H. Yankee (PSNH share)* | 40.12 | 5,968.37 | 5,968.37 | 205.99 | 0.00 | 6,174.36 |
| Cahill Gordon & Reindel | 703.90 | 151,006.70 | 113,255.03 | 22,571.60 | 37,751.67 | 173,578.30 |
| Ropes & Gray | | | | | | |
| PSNH | 815.25 | 167,602.50 | 125,701.87 . | 8,261.38 | 41,900.63 | 175,863.88 |
| N.H. Yankee** | 1,697.00 | 287,259.32 | 215,444.49 | 61,894.19 | 71,814.83 | 349,153.51 |
| Sub-Total | 6,741.32 | 1,396,213.89 | 1,068,177.27 | 131,774.72 | 328,036.62 | 1,527,988.61 |
| Bruder, Gentile & Marcoux (2) | 350.25 | 64,019.58 | 52,251.46 | 5,485.27 | 11,768.12 | 69,504.85 |
| Doub, Muntzing & Glasgow (1) | | | | | | |
| N.H. Yankee (PSNH share)* | 154.55 | 10,886.91 | 10,886.91 | 234.90 | 0.00 | 11,121.81 |
| Gallagher, Callahan & Gartrell (1) | | | | | | |
| PSNH | 247.00 | 29,568.00 | 29,568.00 | 465.27 | 0.00 | 30,033.27 |
| N.H. Yankee (PSNH share)* | 1.00 | 109.55 | 109.55 | 0.00 | 0.00 | 109.55 |
| Gormley & Kaklamanos (2) | 21.38 | 2,129.75 | 2,100.50 | 0.00 | 29.25 | 2,129.75 |

| DEBTOR IN POSSESSION | Hours Expended | Fees Billed For Quarter | Monthly Payments On Fees Billed For Quarter | Expenses Billed and Paid For Quarter | Unpaid Balance of Fees Requested | Total Fees and Expenses Requested for This Quarter |
|---|---|---|---|---|---|---|
| Miller, Eggleston & Rosenberg, Ltd.(1) | 3.80 | $ 337.50 | $ 337.50 | $ 18.25 | $ 0.00 | $ 355.75 |
| Peat Marwick Main & Co.(1) | 1,145.90 | 112,497.50 | 112,497.50 | 10,180.00 | 0.00 | 122,677.50 |
| Sheehan, Phinney, Bass and Green (1) | | | | | | |
| N.H. Yankee (PSNH share)* | 95.06 | 10,249.95 | 10,249.95 | 932.01 | 0.00 | 11,181.96 |
| Sub–Total | 2,018.94 | 229,798.74 | 218,001.37 | 17,315.71 | 11,797.37 | 247,114.45 |
| TOTAL—DEBTOR–IN–POSSESSION | 8,760.26 | $1,626,012.63 | $1,286,178.64 | $149,090.43 | $339,833.99 | $1,775,103.06 |

* PSNH pro rata share of Seabrook-related billings computed at 35.56942%
** PSNH pro rata share of Seabrook-related billings computed at 35.57%

Pursuant to Order dated March 24, 1989, regarding Interim Compensation of Professionals Rendering Non–Reorganization Services

(1) No application filed, provides non-reorganization services, not subject to 25% fee holdback.
(2) Application filed, provides both reorganization and non-reorganization services, subject to 25% fee holdback on reorg. services only.